**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| MONTY D. CARVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. <u>20-1192</u> |
| | § | |
| KINGSDOWN, INC. a/k/a | § | |
| KINGSDOWN, | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kingsdown, Inc. ("Kingsdown" or the "Company), hereby gives notice of the removal of this action from the McLennan County, Texas, District Court to the Western District of Texas. The basis for removal is as follows:

1.     On November 23, 2020, Plaintiff Monty D. Carver filed a Civil Complaint ("Complaint") against the Defendant in McLennan County, Texas, captioned and docketed as <u>Monty D. Carver v. Kingdown, Inc.</u> Cause No. 2020-3766-3 (the "State Court Action").

2.     Plaintiff served Defendant on December 1, 2020.

**I.     Defendants Have Satisfied The Procedural Requirements for Removal.**

3.     Venue is proper because this Court embraces the Judicial District Court where Plaintiff filed his complaint. 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

4.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by Defendants of the Complaint.

5.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the 74th Judicial District Court Clerk and upon all parties.

Case 6:20-cv-01192   Document 1   Filed 12/29/20   Page 2 of 16


6.      As required by 28 U.S.C. § 1446(a), copies of the Complaint and summons received by Defendant are attached hereto as **Exhibit A** and **Exhibit B** respectively.

7.      By filing this Notice of Removal, Defendants do not waive any objections or other defenses that are or may be available to them.

## II.      This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

8.      Pursuant to 28 U.S.C. § 1441(a), this Court has jurisdiction over "[a]ny civil action brought in a State court which the district courts of the United States have original jurisdiction[.]"

9.      This Court has original jurisdiction over this action on the basis of diversity of citizenship under 28 U.S.C. § 1332(a) because Plaintiff alleges more than $75,000 in damages and that the parties are citizens of different states.  *See* 28 U.S.C. § 1332(a) (United States District Courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

   A.      *The Amount in Controversy Exceeds $75,000.*

10.      To establish jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs.  The Complaint prays for lost past and future wages and benefits of employment, past and future compensatory damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. *See* Compl. at Damages. Plaintiff also alleges Defendant is liable for punitive damages and attorneys' fees and costs. *See* Compl. at Punitive Damages, Attorney Fees, Prayer for Relief.

2

11.     A review of Plaintiff's employment records indicates that at the time of his separation from the Company, Plaintiff was earning a salary of $45,000 a year and worked approximately 40 hours a week.  *See* Declaration of Michele Price ("Price Decl.") at ¶ 3.

12.     Plaintiff's employment ended on January 13, 2020. *See* Price Decl. at ¶ 4. Accordingly, assuming a trial date of one year from the date of removal, a reasonable estimate of Plaintiff's claim for lost wages alone, from the date of his alleged separation through the time of trial, exclusive of any interest, amounts to approximately $90,000 ($45,000 [his salary since it has been approximately one year since his employment ended] + 45,000 [$3,750.00, the average monthly income x 12]). Price Decl. at ¶ 3.

13.     Plaintiff also alleges a laundry list of nonpecuniary losses, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  *See* Compl. at Damages. While the exact amount of Plaintiff's nonpecuniary damages are not currently known, based on the nature of Plaintiff's allegations, such alleged damages are far more than nominal in character.

14.     Plaintiff also seeks to recover punitive damages. *See* Compl. at Punitive Damages. Because the Texas Labor Code provides for punitive damages, punitive damages may be assessed in the amount in controversy. *See Salinas v. Allstate Vehicle & Prop. Ins. Co.*, 7:15-CV-434, 2016 WL 8650475, at *2 (S.D. Tex. Sept. 28, 2016). Based on the allegations of damages, the total amount of punitive damages claimed exceeds $75,000.00.

15.     Finally, Plaintiff seeks attorneys' fees. *See* Compl. at Attorney Fees. While attorneys' fees are not generally included in the amount in controversy, a District Court in Texas has ruled that attorneys' fees may be included when attorneys' fees are authorized by statute. *Id.*

16.     Both the amount of damages requested in the Complaint and the attorneys' fees demonstrate that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," as required by 28 U.S.C. § 1332(a).

       *B.*    *Diversity of Citizenship is Satisfied.*

17.     Plaintiff Monty D. Carver is a citizen of Texas.  *See* Compl., ¶ 6.

18.     For purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

19.     Defendant Kingsdown is incorporated in North Carolina with its principal place of business also located in North Carolina.  *See* Price Decl. at ¶ 5. Accordingly, Kingsdown is a citizen of North Carolina.  *See* 28 U.S.C. § 1332(c)(1).

20.     Because there is complete diversity of citizenship between the Plaintiffs and Defendants, diversity of citizenship is satisfied.

**DATED: December 29, 2020**

4

Respectfully submitted,


/s/ Carrie B. Hoffman
Carrie B. Hoffman
State Bar No. 00787701
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201-3340
Telephone:    (214) 999-3000
Facsimile:    (214) 999-4667
choffman@foley.com

**ATTORNEY FOR DEFENDANT**

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system on December 29, 2020, on all counsel of record. Counsel of record will also be served by U.S. mail pursuant to Federal Rule of Civil Procedure 5(b)(2).

/s/ *Carrie B. Hoffman*
Carrie B. Hoffman

4822-0627-2212.1

FILED
MCLENNAN COUNTY
11/23/2020 11:56 AM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Crim

NO. 2020-3766-3

| | | |
|---|---|---|
| **MONTY D. CARVER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **74TH  JUDICIAL DISTRICT** |
| | § | |
| **KINGSDOWN, INC. a/k/a KINGSDOWN** | § | |
| **Defendant** | § | **MCLENNAN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, MONTY D. CARVER, complains of KINGSDOWN, INC. a/k/a KINGSDOWN, hereinafter referred to as Defendant, and files this Original Petition and for such would show the Court and Jury the following:

### NATURE OF SUIT

This is a suit against Defendant complaining of disability discrimination and retaliation based on *the Texas Commission on Human Rights Act, V.T.C.A. Texas Labor Code* §§ 21.001 et. seq. seeking damages for job termination and other related damages allowed by said law.

### DISCOVERY CONTROL PLAN

1.    Discovery shall be conducted under T.R.C.P. 190.4 (Level 3).

### PARTIES

2.    Plaintiff is Monty D. Carver, an adult citizen of the United States.  Defendant does business in McLennan County, Texas.

PLAINTIFF'S ORIGINAL PETITION- Page  1

EXHIBIT
A

Copy from re:SearchTX

3.     Defendant is one or more entities with which Plaintiff was employed and was discharged from employment on or about January 13, 2020. Plaintiff brings this suit under the authority of Texas Rule of Civil Procedure 28, which allows any partnership, unincorporated association, private corporation, or individual doing business under an assumed name to sue or be sued in its partnership, assumed or common name.  Plaintiff brings this suit against the entity with which Plaintiff was employed and was discharged from employment on January 13, 2020. At all times relevant to this suit, Defendant was doing business under the common and/or assumed names Kingsdown, Inc. and/or Kingsdown, while employing Plaintiff.  Therefore, Plaintiff uses these names in this suit against the true entity or entities that employed, injured, discriminated against, and discharged Plaintiff from employment with it. Plaintiff reserves the right to amend this petition to add any other entities which may be later learned to be an employer of Plaintiff.  Defendant may be served with process by serving its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION/VENUE

4.     This Court has jurisdiction over this suit because the facts of this cause of action arise under the *Texas Commission on Human Rights Act, V.T.C.A. Labor Code* §§ 21.001 et seq., hereinafter "the Texas Human Rights Act" or "TCHRA."  At all times relevant to this action, Plaintiff was an "employee" and Defendant was an "employer" as those terms are defined under the Texas Human Rights Act.

5.     A substantial portion of the cause of action in question occurred in McLennan County, Texas.

PLAINTIFF'S ORIGINAL PETITION- Page  2

Copy from re:SearchTX

**FACTS**

6.   Plaintiff was an employee of Defendant as a production supervisor at Defendant's Waco, McLennan County, Texas location. Plaintiff worked as a full time employee of Defendant from April 23, 2019 until he was illegally discharged on or about January 13, 2020.

7.   Plaintiff has the impairment of coronary artery disease which resulted in his having bypass surgery on December 23, 2019.

8.   The coronary artery disease affected Plaintiff's cardiovascular system and the subsequent surgery substantially limited Plaintiff's ability to care for himself, perform certain manual tasks, and lift objects of more than a certain weight for a period of time following the surgery.

9.   Defendant's Senior VP of Production checked in with Plaintiff following his surgery and stated that Defendant would work with Plaintiff's restrictions when he was able to return to work.

10.   Plaintiff requested the use of Defendant's short-term disability benefits for the few weeks he expected to be off work following his bypass surgery. Plaintiff's doctor submitted the short-term disability paperwork to Defendant on or about January 2, 2020. The short-term disability paperwork included Plaintiff's need for four weeks off work, a return to work part-time for two weeks, with a return to full days at six weeks on or about February 3, 2020, and lifting restrictions upon his return that would increase incrementally for approximately six months.

11.   On January 3, 2020, Defendant's Senior VP of Production called Plaintiff and told him that they were going to be letting him go due to his need for being off work, his need to return to work part-time, and his lifting restrictions.  Plaintiff was told that he would be kept on until January 13, 2020 which would allow him to use up his vacation and paid time off days, but then all his

PLAINTIFF'S ORIGINAL PETITION- Page  3

Copy from re:SearchTX

insurance and benefits would be cancelled.  The Senior VP of Production stated multiple times during the phone call that the company was self-insured.

12.   On January 7, 2020, Plaintiff contacted Defendant's human resource generalist and requested the reasonable accommodation of being allowed off work until February 3, 2020 with a return to work with the restrictions his doctor had recommended. Defendant's Vice President of Human Resources denied Plaintiff's request for a reasonable accommodation and failed to enter into the interactive process regarding any other reasonable accommodation to Plaintiff's disability. Plaintiff was terminated on January 13, 2020.

## CAUSES OF ACTION

## VIOLATION OF TEXAS LABOR CODE § 21.051

### Disability Discrimination & Retaliation

13.   As described above, at all relevant times to this suit, Plaintiff was a person with the impairments described above, that substantially limited major life activities and was a "qualified individual with a disability," as those terms are defined by the TCHRA. At all times relevant to this action, Plaintiff was an "employee" and Defendant was  an "employer" as those terms are defined under the TCHRA.

14.   As stated above, at all relevant times to this suit, Plaintiff had the physical impairment of cardiovascular disease, that substantially limited one or more major life activities or major bodily functions, including, but not limited to, his cardiovascular system as described above. Also, these impairments substantially limited Plaintiff's abilities, to perform manual tasks, care for himself, and lift objects of certain weights. Plaintiff reserves the right to add to or subtract from these major bodily or life activities.

PLAINTIFF'S ORIGINAL PETITION- Page  4

Copy from re:SearchTX

15.   Plaintiff alleges that, as described above, a motivating factor for his termination was his impairing disabilities, Plaintiff's record of impairing disabilities, and/or Defendant regarding him as being impaired/disabled in violation of the TCHRA § 21.051 et seq. resulting in damages as hereinafter set forth.

16.   Also, as described above, Defendant failed to engage in the *interactive process* with Plaintiff to discover a *reasonable accommodation* to his impairments/disability and retaliated against him for requesting and/or receiving a *reasonable accommodation*, which constitutes disability discrimination.

17.   Also, as described above, Defendant *retaliated* against Plaintiff by terminating his employment after he requested a reasonable accommodation to his disability.

## DAMAGES

18.   As a result of the violations of the TCHRA, as described above, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future compensatory damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

## PUNITIVE DAMAGES

19.   Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

Copy from re:SearchTX

## INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

20.  On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in § 21.258 of the Texas Labor Code, including reinstatement to his job, if reasonably possible at the time and under the circumstances then existing.

## ATTORNEY FEES

21.  Plaintiff has also had to employ an attorney to vindicate his rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

## ADMINISTRATIVE PREREQUISITES

22.  All conditions precedent to the cause of action under Texas Labor Code § 21 have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a complaint of discrimination with the Texas Workforce Commission, Civil Rights Division (TWCCRD) within 180 days of his termination, which is a joint filing with the Equal Employment Opportunity Commission (EEOC), based on their work sharing agreement, exhausted all administrative remedies by allowing the TWCCRD to investigate the complaint for 180 days.

## JURY DEMAND

23.  Plaintiff respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that on final hearing, Plaintiff be awarded damages, as stated above, punitive damages, attorney fees, costs of court, prejudgment interest, injunctive relief,

PLAINTIFF'S ORIGINAL PETITION- Page 6

Copy from re:SearchTX

reinstatement, if possible, and such other relief, both at law and in equity, as Plaintiff may be justly

entitled.

WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
danwash@washthomas.com

By: */s/Danny C. Wash*
Danny C. Wash
State Bar No. 20896000

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S ORIGINAL PETITION- Page  7

Copy from re:SearchTX

# CITATION

**THE STATE OF TEXAS**

Cause No: **2020-3766-3**

FILED
MCLENNAN COUNTY
12/2/2020 1:42 PM
JON R. GIMBLE
DISTRICT CLERK
Paige Edmundson

PAPER# 1
CENTEX

TO:   KINGSDOWN, INC. A/K/A KINGSDOWN, DEFENDANT – BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below**,** of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**MONTY D. CARVER**                                                             *Plaintiff*

VS.

**KINGSDOWN, INC. A/K/A KINGSDOWN**                          *Defendant*

Court:  **74TH JUDICIAL DISTRICT**
Pleading:  **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date**: NOVEMBER 23, 2020**
Cause No: **2020-3766-3**

### NOTICE

*You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you.*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date:  **NOVEMBER 30, 2020.**

**DANNY C. WASH**
**6613 SANGER AVENUE**
**WACO, TEXAS 76710**
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701
By: _Nichelle Maddison_____, Deputy
**NICHELLE MADDISON**

EXHIBIT
B

## RETURN OF SERVICE

Style: **MONTY D. CARVER VS. KINGSDOWN, INC. A/K/A KINGSDOWN**
Cause No: **2020-3766-3**
Court: **74TH JUDICIAL DISTRICT**
Paper#: **1**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____

day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading attached

thereto, having first endorsed on such copy of said citation the date of delivery.

FEES:  Serving one (1) copy          _____

Total $_____          _____ County, Texas

NO SHERIFF OR CONSTABLE FEES COLLECTED

By _____

See Attached Return of Service

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

# 74th Judicial District Court of McLENNAN County, Texas

**Cause No. 2020-3766-3**

**Monty D. Carver**

*Plaintiff,*

**Kingsdown, Inc. a/k/a Kingsdown**

*Defendant,*

## AFFIDAVIT OF SERVICE
### Corporation/Business

I, **Mark S. Burrow**, make statement to the fact, that I am a competent person more than 18 years of age or older and not a party to this action nor interested in the outcome of this suit. I am a certified private process server authorized by the Judicial Branch Certification Commission of Texas and remain in good standing. I received the document(s) stated below on **12/1/2020** at **12:11 PM** instructing for same to be delivered upon: **Kingsdown, Inc. a/k/a Kingsdown by serving its Registered Agent, Corporation Service Company, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**

| | |
|---|---|
| That I delivered to: | Kingsdown, Inc. a/k/a Kingsdown by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company |
| At the address of: | 211 E 7th Street, Suite 620, Austin, TX 78701 located in the County of Travis |
| On this date and time: | 12/1/2020 at 2:35 PM |
| In the manner: | by personally delivering the document(s) to the AUTHORIZED PERSON, Samantha Guerra , Agent For Service Of Process. |
| The following document(s): | Citation; Plaintiff's Original Petition |

**DESCRIPTION:**
Gender: Female Race/Skin: Hispanic Age: 30 Weight: 145 Height: 5'2 Hair: Black Other:
***Comments:***

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true, correct, and within my personal knowledge.

Mark S. Burrow: PSC-275; Exp. 12/31/2022

SUBSCRIBED AND SWORN TO BY Mark S. Burrow on this ___2nd___ day of ___December___, 2020, to attest witnesses my hand and seal of office.

Notary Public, State of Texas

Service Fee: $ 50.00

Wash & Thomas, P.C.
Job ID#: 2002584
Ref#:

BRENDA ATTEBERRY
Notary Public, State of Texas
Comm. Expires 08-16-2023
Notary ID 10276070

Copy from re:SearchTX